# IN THE COURT OF APPEALS OF IOWA

No. 23-1706
Filed December 20, 2023

**IN THE INTEREST OF S.H.-M., X.R., and J.M.,**
**Minor Children,**

**E.M., Mother,**
     **Appellant.**

_____

Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda,

District Associate Judge.


A mother appeals the district court order terminating her parental rights.

**AFFIRMED.**


Heidi Miller of Gribble, Boles, Stewart & Witosky Law, Des Moines, for

appellant mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney

General for appellee State.

Dusty Lea Clements of Clements Law & Mediation, Newton, attorney and

guardian ad litem for minor children.


Considered by Bower, C.J., and Schumacher and Chicchelly, JJ.

**SCHUMACHER, Judge.**

A mother appeals the district court order terminating her parental rights. We find there is sufficient evidence in the record to support termination of the mother's parental rights, termination is in the children's best interests, none of the permissive exceptions to termination should be applied, and an extension of time for additional reunification efforts is unwarranted. We affirm the termination of the mother's parental rights.

## I.    Background Facts & Proceedings

E.M. is the mother of S.H.-M., born in 2013; X.R., born in 2019; and J.M., born in 2020. The children were removed from parental custody on June 10, 2022, based on concerns that the mother was using methamphetamine, cocaine, and marijuana.[1] Shortly after the removal, the mother tested positive for marijuana, while S.H.-M. and X.R. tested positive for methamphetamine and cocaine.[2] S.H.-M. was placed with her father, K.H.[3] X.R. was placed with her paternal grandmother.[4] J.M. was placed in the care of A.H.[5] The mother was evasive, hostile, and untruthful in her communication with HHS.

---

[1] The mother filed a pro se appeal of the removal of the children. The Iowa Supreme Court found this was an application for an interlocutory appeal and denied the application.

[2] The mother was charged with two counts of neglect of a dependent person as a result of the children's exposure to illegal drugs. Those charges were still pending at the time of the termination hearing.

[3] Custody, rather than care, of S.H.-M. was placed with her father subject to protective supervision by the Iowa Department of Health and Human Services (HHS) under the order of adjudication.

[4] X.R.'s father, J.R., was in jail on a charge of driving while barred at the time of the removal. The parental rights of J.R. were terminated. He has not appealed.

[5] At the time of the removal it was believed A.H. was J.M.'s biological father. Subsequent testing showed A.H. is not J.M.'s father, but J.M. has remained with

The children were adjudicated to be in need of assistance under Iowa Code section 232.2(6)(b), (c)(2), (n), and (p) (2022).[6] The mother entered an outpatient substance-abuse treatment program. In November 2022, the mother tested positive for methamphetamine, cocaine, and marijuana. She then entered an inpatient treatment program but was unsuccessfully discharged when she had an argument with another patient. In February 2023, the mother started a new substance-abuse treatment program, but left later that same month, stating she was "homesick." The mother admitted using methamphetamine and marijuana. She started a third substance-abuse treatment program. But after a few weeks, she left that program. In April, the mother told a social worker she was using methamphetamine and marijuana. The mother was signed up for Recovery Court but did not fully participate.

On May 31, 2023, the State filed a petition seeking to terminate the mother's parental rights. At the termination hearing in September, the mother testified she was not currently attending substance-abuse treatment or mental-health therapy. She stated she was on the waiting list to enter an inpatient substance-abuse facility. The mother refused to answer questions about the last time she used illegal substances. The mother asked for the children to be returned to her custody but also stated, "I do know there's probably things that need to be worked out." The mother had not appeared for recent requests for drug testing.

---

A.H. As the case progressed, X.R. was also placed with A.H. The parental rights of any putative father for J.M. were terminated.

[6] These provisions are now found in Iowa Code section 232.96A, which became effective July 1, 2022.

The district court terminated the mother's parental rights under section 232.116(1)(d), (f) (for S.M.-H. and X.R.), (h) (for J.M.), and (*l*) (2023). The court found:

> Given the mother's continued lack of progress with her substance abuse treatment and mental health treatment, her refusal to participate with recommended substance abuse and mental health services, her lack of stable housing, her pending criminal charges, and her continuing need for supervised visits, the children cannot be returned to the mother's custody at the present time or in the immediate future.

The court determined that termination of the mother's parental rights was in the children's best interests. The court also found that given the mother's lack of progress, "an additional six months will not eliminate the need for continued removal." The court applied none of the exceptions to termination found in section 232.116(3). The mother appeals the termination of her parental rights.

## II. Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

In general, we follow a three-step analysis in reviewing the termination of a parent's rights. *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). First, we consider whether there is a statutory ground for termination of the parent's rights under section 232.116(1). *Id.* Second, we look to whether termination of the parent's

rights is in the child's best interests. *Id.* (citing Iowa Code § 232.116(2)). Third, we consider whether any of the exceptions to termination in section 232.116(3) should be applied. *Id.* But when the parent does not raise a claim relating to any of the three steps, we do not address them and instead limit our review to the specific claims presented. *See id.* at 40 (recognizing we do not consider a step the parent does not challenge).

### III. Sufficiency of the Evidence

The mother claims the State did not present clear and convincing evidence to support termination of her parental rights. "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination." *In re T.S.*, 868 N.W.2d 425, 434 (Iowa Ct. App. 2015). "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *Id.* at 435. We elect to focus on the termination of the mother's parental rights under section 232.116(1)(f) for S.H.-M. and X.R. and (h) for J.M.[7]

---

[7] Section 232.116(1)(f) provides that a parent's rights may be terminated if the following have occurred:

    (1) The child is four years of age or older.
    (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
    (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
    (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Section 232.116(1)(h) provides for termination of parental rights when the court finds:

    (1) The child is three years of age or younger.

"We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination." *In re T.S.*, 868 N.W.2d 425, 434 (Iowa Ct. App. 2015). Section 232.116(1)(f)(4) and (h)(4) require a showing by clear and convincing evidence that a child "could not be safely returned to the custody of [the child's] parents." *In re S.O.*, 967 N.W.2d 198, 206 (Iowa 2021). Under section 232.116(1)(f)(4) and (h)(4), a court considers whether a child can be returned to the parent at the time of the termination hearing. *In re A.B.,* 957 N.W.2d 280, 294 (Iowa 2021).

The mother testified she was asking for the children to be returned to her custody, but acknowledged, "there's probably things that need to be worked out," which indicates the children could not be placed in her custody at the time of the hearing. The mother entered three different substance-abuse treatment programs, but she did not complete any of them. She was waiting to enter a fourth substance-abuse treatment program. The mother refused to answer questions about her current drug use and had not been participating in requested drug tests. The mother had an apartment but did not have transportation or steady employment. She was not engaged in therapy for mental health.

---

(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

(3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

We conclude there is clear and convincing evidence in the record to show the children could not be returned to the mother's custody at the time of the termination hearing. *See id.* We find the mother's parental rights were properly terminated under section 232.116(1)(f) and (h).

## IV.     Best Interests

The mother asserts that termination of her parental rights is not in the children's best interests. In considering the best interests of a child, we give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional needs of the child under section 232.116(2)." *P.L.*, 778 N.W.2d at 41. "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.*

The children were removed from parental custody in June 2022. At the termination hearing, held about fifteen months later in September 2023, the mother could not show any progress in addressing her substance-abuse problems. The court stated:

> The mother's ability to care for her children is obviously affected by her substance-related problems as shown by her continued drug use, her repeated failures to successfully complete treatment, her refusal to engage in treatment, her refusal to provide requested drug screens, her failure to address her mental health needs, and her inability to maintain stable housing.

The court determined the mother's problems prevented her from providing the appropriate care the children needed.

As part of her best-interests argument, the mother claims it would be better to place the children in a guardianship rather than terminate her parental rights.[8] She states this would give her more time to prove her stability. She asserts it would be better to have the children placed together and in her custody.

"[A] guardianship is not a legally preferable alternative to termination." *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017). A guardianship does not provide the same level of stability and safety for a child as termination of parental rights and adoption because a guardianship is not permanent. *See In re A.S.*, 906 N.W.2d 467, 478 (Iowa 2018). "The impermanent nature of guardianships denies children the security and stability that a permanent home provides." *In re A.C.*, No. 23-0567, 2023 WL 3612382, at *2 (Iowa Ct. App. May 24, 2023).

The court rejected her request to place the children in a guardianship, stating, "Given the children's ages and the mother's lack of effort in this case, a guardianship is not in the children's best interest and will not provide them with the stability and permanency which they need." The children need permanency, which a guardianship will not provide.

We conclude termination of the mother's parental rights is in the children's best interests and the most appropriate permanency option.

## V.     Permissive Exceptions

The mother claims the court should have applied the exception to termination found in section 232.116(3)(c), which provides that the court can deny

---

[8] In a related argument, the mother states a bridge order could be entered for S.H.-M. placing her in the custody of the father, where she was residing. But the mother never requested such in front of the district court. Accordingly, we find this was not preserved for our review.

termination if it finds termination would be detrimental to the child based on the closeness of the parent-child relationship.

The exceptions to termination found "in section 232.116(3) are permissive, not mandatory." *In re W.T.,* 967 N.W.2d 315, 324 (Iowa 2021) (citation omitted). "The court may exercise its discretion in deciding whether to apply the factors in section 232.116(3) to save the parent-child relationship based on the unique circumstances of each case and the best interests of the child[ ]." *In re A.R.,* 932 N.W.2d 588, 591 (Iowa Ct. App. 2019). "[O]nce the State has proven a ground for termination, the parent resisting termination bears the burden to establish an exception to termination under Iowa Code section 232.116(3) . . . ." *In re A.S.,* 906 N.W.2d 467, 476 (Iowa 2018). The children's best interests remain our first consideration. *Id.* at 475.

The court found none of the exceptions in section 232.116(3) should be applied. The court concluded the mother did not meet her burden to show that application of an exception to termination would be in the children's best interests. We find an exception to termination should not be applied. The mother has not shown that termination of her parental rights would be detrimental to the children. The children need the stability and permanency they have not received from the mother.

### VI.     Extension of Time for Reunification Efforts

Lastly, as part of her best interests argument, the mother makes a passing reference that she should be granted "a few more months to prove her stability to the court." We interpret this statement as a request for an extension of time pursuant to Iowa Code section 232.104.

Iowa Code section 232.104(2)(b) authorizes extending a child's placement for an additional six months if the court identifies "specific factors, conditions, or expected behavioral changes" that provide a basis for determining "that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period."

As to this request, the district court found:

> The Court cannot think of any reasonable factors or conditions which will allow the Court at this time [to] make a determination that the need for removal will no longer exist in six months. The realities of the past 15 months do not permit such a determination. At the time of the hearing, the CINA petition had been filed for 15 months and the children had been removed from the mother the entire time. Yet, despite being given that much time to improve herself and her situation, she is no closer to being self-sufficient and no closer to having the ability to parent than she was when the children were removed. She does not have stable housing, does not have transportation, and is unemployed. She continues to use illegal drugs, refused to comply with multiple requested drug screens in the month before the hearing, and refused to say at the hearing when she last used drugs. She has not completed either substance abuse or mental health treatment, and was not engaged in either at the time of the hearing. She reports that she is on a waiting list for inpatient treatment. However, that assertion engenders little confidence with the Court. She has left inpatient twice in the past seven months, has continued to use drugs, was not engaged in any treatment at the time of the hearing, and throughout the past 15 months has not demonstrated the consistent effort necessary to be successful with any of the Court's requirements. Visits are still supervised and she is still refusing to accept responsibility for her actions or inactions. Given the lack of progress in the past 15 months, an additional six months will not eliminate the need for continued removal.

We, like the district court, cannot identify specific factors, conditions, or expected behavioral changes to provide a basis that the children will no longer need to be removed from parental custody at the conclusion of an additional six-month period. Further deferment of permanency is unwarranted.

We affirm the district court's order terminating the mother's parental rights.

**AFFIRMED.**